UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE LANDING COUNCIL OF CO-OWNERS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-12-2760 |
| | § | |
| FEDERAL INSURANCE COMPANY, and HIGGANBOTHAM INSURANCE AGENCY HOUSTON, INC., d/b/a THE ESSENTIAL INSURANCE GROUP, LLC, | § § § § | |
| | § | |
| *Defendants*. | § | |

**ORDER**

Pending before the court is a motion to remand filed by plaintiff The Landing Council of Co-Owners (the "Council") (Dkt. 28) and a motion to dismiss filed by defendant Higganbotham Insurance Agency Houston, Inc., d/b/a the Essential Insurance Group, LLC ("Higginbotham")[1] (Dkt. 21). Having considered the motions, responses, and applicable law, the court is of the opinion that the motion to remand should be DENIED and the motion to dismiss should be GRANTED.

**I. BACKGROUND**

The Council, a non-profit organization established by the developer of The Landing, a condominium facility located in Clear Lake, Texas, asserts that it entered into an insurance policy with defendant Federal Insurance Group ("Federal") with an aggregate limit of $1,000,000. Dkts. 11 (first amended petition/complaint); 29 (first amended petition/complaint nunc pro tunc). Higginbotham sold the policy to the Council. *Id.* The Council was sued by various parties in

---

[1] The Council spells "Higganbotham" with an "a" in its pleadings and filings. However, Higginbotham spells its name with an "i" in its motion to dismiss. The court will use Higginbotham's spelling.

multiple lawsuits alleging that the Council mishandled matters related to Hurricane Ike. Dkts. 11, 29. The Council made several demands under the insurance policy for coverage and protection from these claims, but the claims were denied as being excluded. Dkts. 11, 29. On July 31, 2012, the Council filed suit against Federal and Higginbotham for breach of contract, violations of the Texas Insurance Code, negligence, breach of the duty of good faith and fair dealing, and fraud, in the 127th District Court. Dkts. 11, 29. On September 14, 2012, Federal removed the case to federal court, alleging that the court could exercise diversity jurisdiction over the state-law claims because the Council and Federal are citizens of different states, and Higginbotham was improperly joined. Dkt. 1. Higginbotham has also filed a motion to dismiss claiming that the Council fails to state a claim under Federal Rules of Civil Procedure 8 and 9. Dkt. 21.

## II. LEGAL STANDARD

**A.   Motion to Dismiss**

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964–65 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)). In considering a 12(b)(6) motion to dismiss a complaint, courts generally must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The court does not look beyond the face of the pleadings in determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1964–65 (citing *Sanjuan v. Am. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)) (internal citations omitted). And, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1965. The supporting facts must be plausible—enough to raise a reasonable expectation that discovery will reveal further supporting evidence. *Id.* at 1959.

In addition to meeting the plausibility standard, under Federal Rule of Civil Procedure 9(b), if a party is alleging fraud or mistake, the pleading must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009) (noting that Rule 9(b) does not "supplant" Rule 8(a)). However, this particularity requirement "does not 'reflect a subscription to fact pleading.'" *Id.* (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997)). Instead, pleadings alleging fraud must contain "simple, concise, and direct allegations of the circumstances constituting the fraud, which . . . must make relief plausible, not merely conceivable, when taken as true." *Id.* (internal quotations omitted) (referring to the standard enunciated in *Twombly*).

The Fifth Circuit interprets Rule 9(b) strictly, "requiring a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Id.* (quoting *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002)). Thus, Rule 9(b) generally requires the complaint to "set forth 'the who, what, when, where, and how' of the events at issue." *Id.* (quoting *ABC Arbitrage Plaintiffs Grp. v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002)). However, "Rule 9(b)'s ultimate meaning is context-specific." *Grubbs*, 565 F.3d at 185. Thus, "[d]epending on the claim, a plaintiff may sufficiently 'state with particularity the circumstances constituting fraud or

3

mistake' without including all the details of any single court-articulated standard—it depends on the elements of the claim at hand." *Id.*

**B.     Improper Joinder**

A case may be removed despite a non-diverse defendant if that defendant was improperly joined, meaning the defendant was named improperly for the purpose of destroying diversity. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir.2004). As the removing parties, defendants bear the heavy burden of demonstrating improper joinder. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir.2003). "Merely to traverse the allegations upon which the liability of the resident defendant is rested, or to apply the epithet '[improper]' to the joinder, will not suffice: the showing must be such as compels the conclusion that the joinder is without right." *Chesapeake & O.R. Co. v. Cockrell*, 232 U.S. 146, 152, 34 S. Ct. 278 (1914); *see also Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir.2004).

Defendants normally establish improper joinder in either of two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiffs to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 573 (quoting *Travis*, 326 F.3d at 646–47). Here, the parties do not dispute the accuracy of the jurisdictional facts, so the latter is the proper inquiry. The court should not focus on the probability that the plaintiff will prevail on the merits against the non-diverse defendant. Rather, the court seeks only a reasonable possibility of recovery against the non-diverse defendant. *See Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir.1995). "If no reasonable basis of recovery exists, a conclusion can be drawn that the plaintiff's decision to join the local defendant was indeed [improper], unless that showing compels dismissal of all defendants." *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir.2005) (emphasis in original).

4

The Fifth Circuit, in *Smallwood v. Illinois Central Railroad Co.*, endorsed a Rule 12(b)(6)-type inquiry as the preferred method of determining whether joinder is proper. *Smallwood*, 385 F.3d at 573. Under the Rule 12(b)(6)-type inquiry, "a complaint requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Jamarillo v. City of McAllen, Tex.*, 306 Fed. App'x 140, 143 (5th Cir.2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)) (internal quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true . . . ." *Id*.

### III. ANALYSIS

**A.   Motion to Dismiss**

Higginbotham filed a motion to dismiss the Council's first amended complaint on October 25, 2012. Dkt. 21. On November 21, 2012, the Council amended its complaint again.[2] Dkt. 29. The November 21, 2012 amended complaint is almost identical in substance to the October 25, 2012 complaint, except the Council corrects what appear to be cut and paste errors from a different case under the fraud in the inducement and malice causes of action. *Compare* Dkt. 11, *with* Dkt. 29. "[D]efendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading." 6 Charles Alan Wright et al, Federal Practice and Procedure § 1476 at 638 (3d ed. 2010). The court therefore will consider Higginbotham's arguments as if they were addressed to the most recent iteration of the complaint.

---

[2] The Council named its second amended complaint "First Amended Petition/Complaint Nunc Pro Tunc." Dkt. 29.

Higginbotham argues that the Council fails to assert a plausible claim against Higginbotham as the only factual allegation geared specifically towards Higginbotham is that is was a producer for Federal, made all representations regarding coverage under the policy, and had the apparent authority to do so. Dkt. 21 (citing Dkt. 11); *see also* Dkt. 29. Despite this lack of factual allegations, the Council includes Higginbotham in almost all of its causes of action, including: breach of contract, breach of fiduciary duty, unjust enrichment, negligence, fraud, fraud in the inducement, negligent misrepresentation, breach of the Texas Insurance Code, breach of the duty of good faith and fair dealing, and malice. Dkts. 11, 29. It includes Higginbotham by generally referring to "defendants" rather than delineating the specific defendant to which it refers.

The court finds that the Council either fails to plausibly state its claims against Higginbotham or fails to allege its claims with sufficient particularity for the claims requiring particularity. First, while there is a general allegation that a valid contract for insurance exists between the Council "and Defendants," it is clear from the factual allegations in the complaint that the policy was issued by Federal and Higginbotham merely sold the policy. *See* Dkts. 11; 29. Thus, there is no contract alleged between Higginbotham and the Council; the Council fails to state a claim for breach of contract against Higginbotham. Second, the alleged wrong contained within the complaint is the denial of coverage, and there is no indication that Higginbotham, which has been identified in the complaint as the producer, had anything to do with this denial. Thus, while the Council states generally that "Defendants" breached their fiduciary duty by denying coverage, "Defendants" have been unjustly enriched, and "Defendants" had a duty to provide legal defense and insurance coverage, it appears that the Council is merely improperly lumping Higginbotham in with the insurer in its list of legal causes of action without providing any factual basis for Higginbotham's individual responsibility. *Cf. TAJ Props., LLC v. Zurich Am. Ins. Co.*, No. 10-2512, 2010 WL 4923473, at *4

6

& n.9 (S.D. Tex. Nov. 29, 2010) (collecting district court cases in which courts found it improper to make joint allegations against adjusters and insurance companies for violations of the Texas Insurance Code without indicating specifically attributing code violations to the adjuster). Third, the fraud, fraud in the inducement, and negligent misrepresentation claims are not stated with enough particularity to satisfy Rule 9(b). For instance, in order to be in compliance with Rule 9(b), a plaintiff must specify the statements contended to be fraudulent. *See Grubbs*, 565 F.3d at 185. The Council states generally that "Defendant's representative made one or more material misrepresentation(s) regarding the extent of coverage provided." Dkts. 11, 29. This allegation does not indicate what specific statement or statements were fraudulent. The allegation for the negligent misrepresentation claim provides slightly more information, as it indicates that "Defendant's representative (1) made a representation to Plaintiff that it would be covered for Directors liability in acts by members and owners of the condominium property," but the Council does not explain why this statement was a misrepresentation. The Council simply has not sufficiently alleged the who, what, when, where, and how that is required to satisfy Rule 9(b). Fourth, the Texas Insurance Code, negligence, and breach of the duty of good faith and fair dealing claims are premised on failing to timely provide coverage mandated by the insurance policy, failing to timely settle or defend the claim, rejecting the claim, or otherwise mishandling the claim. Dkts. 11, 29. Since Higginbotham merely sold the policy, it could not be liable for any of these alleged actions. Finally, Higginbotham could not be liable for "malice" because it is not a cause of action in Texas.

Because the Council fails to assert plausible claims against Higginbotham for breach of contract, breach of fiduciary duty, unjust enrichment, negligence, breach of the Texas Insurance Code, breach of the duty of good faith and fair dealing, and malice, and fails to assert its fraud, fraud in the inducement, and negligent misrepresentation claims with particularity, its claims against

Higginbotham are hereby DISMISSED. The Council alternatively requests leave to amend. While generally leave to amend should be freely given, the Council already had notice of the deficiencies in its complaint with regard to its claims against Higginbotham before it amended the second time, and it did not correct the problems. Thus, the court believes allowing an additional amendment would be futile. Accordingly, the Council's alternative request to amend is DENIED.

**B.     Remand and Improper Joinder**

The Council asserts that this court does not have diversity jurisdiction over this matter because both the Council and Higginbotham are Texas citizens, and Higginbotham is a proper party in this case. Dkt. 28. The Council argues that Higginbotham is an indispensable party to this litigation as it has an economic stake in this lawsuit and that Higginbotham shares liability with Federal. *Id.* The Council asserts that the economic stake derives from Higginbotham's status as a "producer" in the insurance industry, as producers have the responsibility to renew existing business and secure new business. *Id.* As far as shared liability, the Council asserts that Higginbotham is a recording agent, and that under Texas law recording agents stand in the place of the insurance company and share liability with the principal. *Id.*

Federal argues that the court should disregard Higginbotham's citizenship in its jurisdictional inquiry because the Council fails to plead a legally sufficient factual basis for any element of any of the claims asserted against Higginbotham. Dkt. 35. As far as the Council's argument that Higginbotham is an essential party because it has an economic stake in this case, Federal argues that the determination of whether the coverage exists under the policy has nothing to do with Higginbotham's status as a producer, as Higginbotham's only economic interest in the policy is the commissions it has already been paid. *Id.* With regard to the Council's argument that Higginbotham is a recording agent and thus shares responsibility with Federal, Federal first asserts that

8

Higginbotham is *not* a recording agent. *Id.* Federal additionally argues that the concept of "recording agent" no longer exists under Texas law, as the article of the Texas Insurance Code relied upon by the Council relating to "recording agents" was repealed in 2005. *Id.*

The court agrees with Federal that Higginbotham was improperly joined. First, the court notes that "[p]ost-removal filings may not be considered . . . when to the extent that they present new causes of action or theories not raised in the controlling petition filed in state court." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999). The Council's original petition in state court is only three pages long and contains minimal factual allegations. *See* Dkt. 1-10. The only allegation specific to Higginbotham is that Federal wrote the insurance policy "through" Higginbotham. *See id.* This allegation is insufficient to plausibly state a claim against Higginbotham for any of the causes of action contained in the original petition—breach of contract, violations of the Texas Insurance Code, negligence, breach of the common law duty of good faith and fair dealing, and fraud. Since there are no valid claims against Higginbotham, in the original petition or, for that matter, in the most recent complaint, Higginbotham obviously does not have an economic stake in this lawsuit. And as far as Higginbotham's alleged "recording agent" status, the Council does not even mention "recording agent" in its original petition or its live pleading. *See* Dkts. 1-10, 29. The court therefore finds that Higginbotham was improperly joined. The Council's motion to remand is DENIED.

## IV. Conclusion

The Council's motion to remand (Dkt. 28) is DENIED. Higginbotham's motion to dismiss (DKT. 21) is GRANTED. The Council's alternative request to amend (Dkt. 30) is DENIED.

Signed at Houston, Texas on February 11, 2013.

_____
Gray H. Miller
United States District Judge