IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE LANDING COUNCIL OF OF CO-OWNERS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:12-cv-2760 |
| FEDERAL INSURANCE COMPANY, and HIGGINBOTHAM INSURANCE AGENCY HOUSTON, INC. d/b/a THE ESSSENTIAL INSURANCE GROUP, LLC, | § § § § § § § | |
| Defendants. | § | |

## DEFENDANT FEDERAL INSURANCE COMPANY'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and this Court's procedures, Defendant, Federal Insurance Company ("Federal"), files this Reply in support of its Motion for Summary Judgment and Brief in Support, and shows:

## I.
## INTRODUCTION

The Council's Response to Federal's Motion for Summary Judgment demonstrates that there are no material facts in dispute. The Court is faced with the single legal issue of whether an unambiguous policy exclusion precludes Federal's duty to defend the Council in three Underlying Lawsuits.[1] The Council's description of the allegations and claims in the Underlying Lawsuits and citations to the pleadings therein are nearly word-for-word identical to those in

---

[1] Plaintiff's Response includes reference to "four underlying lawsuits" (Response at 8), including the *Concerned Owners* lawsuit (Response at 9), which is mentioned as background in Federal's Motion (Motion at 16, n.4). However, Plaintiff's pleading seeks relief based on only three Underlying Lawsuits—*Rafferty, Bull Capital,* and *Teichgraeber.* Complaint NPT at 3; *see also* Federal's Motion at 16-18.

Federal's Motion. *Compare* Plaintiff's Response at 8-9 to Federal's Motion at 8-11. Furthermore, the Council does not dispute the applicable policy language, and does not assert that the policy is ambiguous in any respect. In fact, the Council concedes that the "Insured v. Insured" exclusion applies to preclude coverage for the Cross-Claim in the *Bull Capital* case. *See* Plaintiff's Response at 12, n.1 and Federal's Motion at 23-24. Significantly, the Council has no direct response to the arguments and authorities in Federal's Motion, and the Council's reliance on authorities outside the insurance context or which address irrelevant issues is misplaced. For the reasons stated in Federal's Motion and herein, Federal is entitled to judgment as a matter of law that it has no duty to defend the Council in any of the Underlying Lawsuits due to the applicability of the Property Damage Exclusion.

## II.
## ARGUMENTS & AUTHORITIES

1. **The Property Damage Exclusion is Consistently Applied and Does Not Violate Public Policy.**

Without citation to a single case or other authority, the Council asserts that Federal's interpretation of the Property Damage Exclusion—particularly the *"based upon, arising from or in consequence"* language—is so broad that it "virtually eliminates" a large spectrum of causes of action and could be interpreted as "injurious to the public good." Response at 13. However, these terms are broadly interpreted and applied by Texas courts. The Council has made no response to the numerous Fifth Circuit and Supreme Court cases cited by Federal affirming the broad scope of the very *"based upon"* and *"arising from"* language about which the Council complains. *See* Federal's Motion at 22-23 and cases cited therein.[2] Similarly, property damage

---

[2] *Canutillo Indep. Sch. Dist. v. Nat'l Union Fire Ins. Co.*, 99 F.3d 695, 705 n.6 (5th Cir. 1996); *Utica Nat'l Ins. Co. v. Am. Indem. Co.*, 141 S.W.3d 198, 202-03 (Tex. 2004) (op. on reh'g);

exclusions are commonplace in the D&O insurance market, and are also uniformly enforced across the country. *See* Federal's Motion at 20-21 and cases cited therein.[3]

The Council vaguely asserts that the Underlying Lawsuits allege unidentified "Wrongful Acts" which, if proven, could give rise to the causes of action alleged, including breach of fiduciary duty, breach of the Texas Property Code, breach of contract, and breach of association by-laws. The Council then concludes that these causes of action are, for an unexplained reason, somehow "not subject to" the Property Damage Exclusion. *See* Response at 15-16. However, as demonstrated in Federal's Motion, "but for" the property damage caused by Hurricane Ike permeating the causes of action in the Underlying Lawsuits, none of the Underlying Lawsuits would exist. *See Utica Nat'l Ins. Co. v. Am. Indem. Co.*, 141 S.W.3d 198, 202-03 (Tex. 2004) (op. on reh'g). The "but for" standard clearly articulated in Texas for the *"based upon"* and *"arising from"* language of the Property Damage Exclusion requires a minimal causal connection, and is clearly satisfied. *See* Federal's Motion at 22-23. The Underlying Lawsuits are based upon and arise from property damage, and, as such, coverage for them is clearly precluded by the Property Damage Exclusion. The Council's unsupported rhetoric regarding this common policy exclusion as purportedly violating public policy should be disregarded.

2. **The *Lancer* Case Has No Relevance to the Present Dispute.**

Instead of addressing the established Fifth Circuit and Texas case-law cited in support of Federal's Motion, the Council instead argues that a distinguishable case addressing the use of

---

[3] *Carolina Cas. Ins. Co. v. Sowell*, 603 F. Supp. 2d 914, 922 (N.D. Tex. 2009)(construing a property damage exclusion with language like the present, applying to a claim based upon a plaintiff's inability to use leased property due to the insured's failure to remove their personal property after a hurricane); *Beauvallon Condo. Ass'n v. Granite State Ins. Co.*, 2011 U.S. Dist. LEXIS 69606 (D. Colo. June 29, 2011)(holding that the unambiguous property damage exclusion applied to preclude coverage for a lawsuit against a condominium association asserting (1) breach of contract (a condominium declaration); (2) tortuous interference with business relations; (3) trespass; (4) nuisance, and (5) negligence per se for violation of the Colorado Common Interest Ownership Act); *Holmes Group, Inc. v. Fed. Ins. Co.*, 2005 U.S. Dist. LEXIS 42770 (D. Mass. Oct. 5, 2005)(holding that the property damage exclusion applied to preclude coverage for the lawsuit even if there was no physical damage to the property)

a motor vehicle under a business auto policy should govern the interpretation of the Property Damage Exclusion here. *See* Response 16-17 (citing *Lancer Insurance Co. V. Garcia Holiday Tours,* 345 S.W.3d 50 (Tex. 2011)). The Council's use of buzz words from *Lancer* regarding a "nexus" between causes of action and property damage simply do not apply to the facts here, and the reasoning of the *Lancer* opinion has no relevance to the analysis at hand.

*Lancer* involved the issue of whether the transmission of a communicable disease from the driver of a motor vehicle to a passenger is a covered loss. *Id.* at 51. The *Lancer* court analyzed whether coverage existed for damages because of a bodily injury "resulting from" the "use" of a covered auto. *Id.* at 53. In analyzing the scope of the "resulting from" language at issue, the *Lancer* court cited another vehicle case with policy language providing coverage for injuries "aris[ing] out of" the "use" of a vehicle, among numerous other authorities addressing the vehicle "use" issue. *Id.* at 54 (discussing *Mid-Century Insurance Co. of Texas v. Lindsey*, 997 S.W.2d 153 (Tex. 1999)). Similar to Federal's Motion, the *Lancer* court observed that the phrase "arising out of" is broadly interpreted to mean "originating from, having its origin in, growing out of or flowing from." *Id.* at 54. However, *Lancer* says nothing about the interpretation of the phrase "arising out of" generally, nor is it relevant to property damage exclusions in any way. The Council's citation to and reliance on *Lancer* is simply misplaced.

3. **The Tort Causation Standard Does Not Apply to Policy Interpretation.**

In a last desperate attempt to blur the analysis, the Council cites to the Restatement (Second) of Torts, and incorrectly asserts that, as an "intervening *cause of action*," each act alleged against the Council by Plaintiffs in the four underlying suits "is a separate and distinct cause of action, not arising from or proximately caused by Hurricane Ike." Response at 19. However, as the Court is well aware, an "intervening cause" is an event that supersedes a party's

**DEFENDANT FEDERAL INSURANCE COMPANY'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT**
1633706.3

Page 4

negligence by destroying the proximate causal connection with injury or damage. The Council cites no authority for the proposition that such a tort causation standard somehow applies to interpretation of insurance policies. In fact, it is clear from the *"based upon, arising from or in consequence"* language that the intent of the Property Damage Exclusion is to reach beyond mere direct or proximate causation. *See* Federal's Motion at 22 and cases cited (discussing that the "but for" standard of the *"based upon, arising from or in consequence"* language reaches beyond mere direct or proximate causation).

Furthermore, although vaguely mentioning "causes of action" in the Underlying Lawsuits (Response at 17), the Council does not point to any specific act, conduct, allegation or harm that purportedly "intervenes" between the property damage caused by Hurricane Ike and the causes of action asserted. On the other hand, Federal's Motion is replete with extensive citations to the Underlying Lawsuits that demonstrate how the specific conduct and causes of action alleged in the Underlying Lawsuits are unquestionably "based upon," "aris[e] from" and are "in consequence of . . . alleged damage to or destruction of . . . tangible property." *See* Federal's Motion at IV.E.1. The Council's argument based on the Restatement should also be ignored.

## III.
## CONCLUSION

For the reasons stated above and in Federal's Motion, Federal is entitled to judgment as a matter of law that no insurance coverage exists for the Underlying Lawsuits, and that Federal therefore has no duty to defend the Council in the Underlying Lawsuits.

WHEREFORE, Defendant Federal Insurance Company respectfully requests that the Court enter an order granting its Motion in all respects, dismissing Plaintiff's causes of action with prejudice, and for all such other and further relief, both at law and in equity, to which Federal may be justly entitled.

Respectfully submitted,

/s/ R. Douglas Noah, Jr.
R. Douglas Noah, Jr.
Attorney-in-Charge
State Bar No. 15047500
Southern District Bar No. 15287
doug.noah@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
901 Main Street, Suite 4800
Dallas, Texas 75202
(214) 698-8000 (Telephone)
(214) 698-1101 (Facsimile)

Of Counsel:

Thomas M. Spitaletto
State Bar No. 00794679
Southern District Bar No. 19389
thomas.spitaletto@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
901 Main Street, Suite 4800
Dallas, Texas 75202
(214) 698-8000 (Telephone)
(214) 698-1101 (Facsimile)

**ATTORNEYS FOR DEFENDANT,
FEDERAL INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record via electronic notice through the Court's ECF system on April 22, 2013.

/s/ Thomas M. Spitaletto
Thomas M. Spitaletto