IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| THE LANDING COUNCIL OF CO-OWNERS , } <br>     PLAINTIFF,                                       } <br>                                                   } <br> VS.                                                  } <br>                                                   } <br> FEDERAL INSURANCE COMPANY, AND  } <br> HIGGANBOTHAM INSURANCE AGENCY    } <br> HOUSTON, INC. d/b/a THE ESSENTIAL     } <br> INSURANCE GROUP, LLC,                     } <br>     DEFENDANTS.                               } | CAUSE NO. 4:12-cv-2760 |

**PLAINTIFFS' RESPONSE TO
DEFENDANT'S REPLY TO RESPONSE TO
MOTION FOR SUMMARY JUDGMENT**

---

                                                                    /s/ *Michael D. West*
                                                                    Michael D. West
                                                                    *West and West, LLP*
                                                                    SBN 00785220
                                                                    3818 Fox Meadow Lane
                                                                    Pasadena, TX 77504
                                                                    Ph 713 222-9378
                                                                    Fx 713 222 9397
                                                                    Attorney for Plaintiff

                                                                    /s/ *Larry M. Champion*
                                                                    Of Counsel:
                                                                    Larry M. Champion
                                                                    *Larry M. Champion, PLLC*
                                                                    Fed ID 12292
                                                                    SBN 04086478
                                                                    4420  FM 1960 West, Suite 101
                                                                    Houston, Texas 77068
                                                                    Ph 281-583-0280
                                                                    Fx 281-583-8200
                                                                    Attorney for Plaintiff

**I.**

**SUMMARY OF DEFENDANT'S REPLY**

Defendant essentially makes three broad arguments in its Reply:

1.      "The Court is faced with the single legal issue of whether an unambiguous policy exclusion precludes Federal's duty to defend… ."  Reply at I.  Plaintiff's public policy argument is "unsupported rhetoric."  Reply at II,1,¶2.

2.      The Council vaguely asserts that the Underlying Lawsuits allege unidentified "Wrongful Acts" which, if proven, could give rise to the causes of action alleged, including breach of fiduciary duty, breach of the Texas Property Code, breach of contract, and breach of association by-laws" which are overridden by Defendant's "arising from" and "based upon" language in the policy exclusion.  Reply at II.1, ¶2.

3.      Defendant relies on its "but for" argument and states "[t]he Council cites no authority for the proposition that [intervening cause] applies to interpretation of insurance policies."  Reply at II,3, ¶1.

**II.**

**SUMMARY OF PLAINTIFF'S RESPONSE TO DEFENDANT'S REPLY**

Plaintiff replies to the respective three arguments, in summary:

1.      If the policy exclusion is unambiguous, then it unambiguously fails to include among the causes of action cited in the exclusion those acts subsequent to Hurricane Ike alleged against the Council in support of claims of breach of fiduciary duty, breach of the Texas Property Code, breach of contract, breach of association by-laws, or declaratory judgment actions.  Defendant's reliance on its "arising from" and "based upon" language and Defendant's attempt to stretch that

language in the policy exclusion ad infinitum ignores common and accepted principles of tort law and causation.

Moreover, Defendant's attempt to brush off Plaintiff's public policy argument as "unsupported rhetoric" completely ignores and fails to properly respond to one and one-half pages of argument supported by case law and fact that cogently argues that Defendant's amended policy exclusion is so broad as to be repugnant to public policy.

2. The acts alleged in the underlying suits are not "unidentified." The acts are expressly identified in the underlying suits,[1] which were included in <u>Defendant's</u> exhibits in support of its motion for summary judgment, -- as well as in <u>Defendant's</u> own motion for summary judgment in <u>Defendant's</u> own words[2] --  as acts giving rise to "breach of fiduciary duty, breach of the Texas Property Code, breach of contract, and breach of association by-laws" Again, Defendant's attempt to stretch its "arising from" and "based upon" language in the policy exclusion ad infinitum ignores common and accepted principles of tort law and causation.

3. The concept of intervening or superseding cause is integral to the common law of torts and causation. Defendant complete ignores the fact that its exclusion argument is based upon tort causation that intervening cause applies, and that Plaintiff adequately briefed case law on that point.

---

[1] See Response to Motion for Summary Judgment at II, 1, 2 and 3.
[2] See Motion for Summary Judgment at page 18-20, E1.

2.  **Defendant's interpretation of "arising from" and "based upon" are subject to application of tort law with regard to intervening cause.**

Defendant has ridiculed the logic of *Lancer*[3] as being a case involving use of an automobile, despite *Lancer's* extensive evaluation of the concept of "arising out of." However, Defendant in its own motion cites *Mid-Century Ins. Co. v. Lindsey*[4] -- a case which also is based upon and discusses "arising out of" with regard to "the use of a motor vehicle." *Mid-Century* states, "a causal connection or relationship must exist between the accident or injury and the use of the motor vehicle." This is the same argument proffered by *Lancer*. Defendant's argument is patent two-faced sophistry.

Defendant argues "but for the property damages caused by Hurricane Ike… none of the underlying lawsuits would exist." Therefore, accepting Defendant's logic for the sake of argument, if a soldier in Afghanistan comes home on leave and, while home, his wife conceives a child, is the child's subsequent birth an act arising out of the war in Afghanistan, or the result of a conscious decision made by its parents, despite the war? Defendant would have us believe that "but for" the war in Afghanistan, that child would not exist.

In order to properly evaluate this case, we must evaluate the concept of intervening cause, *infra* and as set out in Plaintiff's Response to Motion for Summary Judgment[5]

---

[3] *Lancer Insurance Co. v. Garcia Holiday Tours,* 345 S.W.3d 50 (Tex. 2011)
[4] *Mid-Century Ins. Co. v. Lindsey,* 997 S.W.2d 153 (Tex. 1999)
[5] Response to Motion for Summary Judgment at VI. 4.

4

3.     **The acts alleged in the underlying suits invoke a prima facie duty to defend.**

The Texas Supreme Court has ruled that a duty to defend exists if acts are alleged that, if proven, could potentially give rise to a claim within the coverage of the four corners of the policy. *Utica Nat'l Ins. Co. v. Am. Indem. Co.*, 141 S.W.3d 198, 201 (Tex. 2004). Moreover, Texas law provides that any question about one's duty to defend must be resolved in the insured's favor, and Texas courts will not consider extrinsic evidence or engage in fact-finding to determine whether a duty exists. *Zurich Am. Ins. V. Nokia Inc.,* 268 S.W.3d 487, 491 (Tex. 2008); *D.R. Horton-Tex., Ltd. V. Markel Int'l Ins. Co.*, 300 S.W.3d 773, 780 (Tex.App. - Houston [14th Dist] 2006, *rev'd in part on other grounds by* 300 S.W.740 (Tex. 2009).

When evaluating this question, plaintiff's allegations are viewed liberally and any doubts regarding a duty to defend are resolved in favor of the insured. *Heyden Newport Chem. Corp.* 387 S.W.2d at 26. Likewise, policy exclusions are strictly construed against the insurer as long as the insured's construction of the exclusion is not unreasonable. *Gilbert Tex. Constr. L.P. v. Underwriters at Lloyd's London,* 327 S.W.3d 118, 134-35 (Tex. 2010) ("…[O]ur decisions require us to interpret an exception broadly in favor of coverage."); *Nat'l Union Fire Ins. Co. v Hudson Energy Co.,* 811 S.W.2d 552, 555 (Tex. 1991).

If proven, the allegations of breach of contract, breach of fiduciary duty, breach of Texas Property Code, etc. could potentially give rise to a claim within the coverage of the four corners of the policy at issue if proven to be arising from an intervening cause -- a question of fact, -- *infra*. Therefore, pursuant to the foregoing case law, Defendant has a duty to defend, as alleged by Plaintiff.

5

4. **The causes of action alleged against the Landing Council are intervening causes of action. As such, they do not fall within the relevant language of Exclusion 5(e).**

a. **Tort law, to include intervening cause, is applicable in this case.**

Tort law concepts, including intervening cause, are, and have long been, applicable to insurance coverage and suits against insurance companies when alleged damages arise in tort, as in this case. *Fiess v. State Farm Lloyds*, 202 S.W.3d 744 (Tex. 2006) (ensuing loss claims vis intervening cause); *The Founders Commercial v. Trinity*, 176 S.W.3d 484, 487 (Tex.App. [1st Dist.] 2004) (insurance coverage founded on underlying tort claims suit); *Union Pump Co. v. Allbritton*, 898 S.W.2d 773 (Tex. 1995) (question of intervening cause in damage suit covered by insurance); *United Services Auto Ass'n v. Blakemore*, 782 S.W.2d 277 (Tex.App.-Waco 1989) (tort damages arising under liability coverage policy)

b. **Cause and Intervening cause are questions of fact and subject to case law.**

It is well settled in Texas that cause is a question of fact. *See El Chico Corp. v. Poole*, 732 S.W.2d 306, 313-14 (Tex.1987): *Barnes v. University Federal Credit Union*, 03-10-00147-CV (Tex.App.-Austin 4-18-2013) *Green v. McKa*y, 376 S.W.3d 891 (Tex.App.-Dallas 2012).

"If the act or omission alleged to have been a new and independent cause is reasonably foreseeable at the time of the defendant's alleged negligence, the new act or omission is a concurring cause as opposed to a superseding or new and independent cause." *Columbia Rio Grande Healthcare, L.P. v. Hawley*, 284 S.W.3d 851, 857 (Tex. 2009) (citing *Dew v. Crown Derrick Erectors, Inc.*, 208 S.W.3d 448, 451 (Tex. 2006) (plurality opinion)).

It is also well settled that an intervening cause is a question of fact, as is foreseeability. "Foreseeability of an intervening cause is a question of fact." *Sosa v. Coleman*, 646 F.2d 991, 995 (5th Cir. 1981) ("The question of whether an intervening cause is foreseeable is for the trier of fact.). Whether a cause of injury is foreseeable is a question for the jury. *Foradi v. Harris*,

6

523 F.3d 477, 496 (5th Cir. 2008) citing *O'Cain v. Harvey Freeman and Sons*, 603 So.2d 824, 830 (Miss. 1991) ("the question of superseding intervening cause is so inextricably tied to causation, it is difficult to imagine a circumstance where such issue would not be one for the trier of fact."). *Lenoir v. C.O. Porter Machinery Co.*, 672 F.2d 1240, 1245 (5th Cir. 1982) (As to Porter's theory of "intervening cause", this too presents a factual question to be answered by the trier of fact.) citing *Gordon v. Niagara Machine and Tool Works,* 574 F.2d 1182, 1192 (5th Cir. 1978).

"A new and independent cause is a superseding cause. Section 440 of the Restatement (Second) of Torts defines superseding cause: A superseding cause is an act of a third person or other force which by its intervention prevents the actor from being liable for harm to another which his antecedent negligence is a substantial factor in bringing about." *Crown Derrick Erectors v. Dew*, 117 S.W.3d 526, 536 (Tex.App. [9th Dist.] 2003). "A new and independent cause alters the natural sequence of events, produces results that would not otherwise have occurred, is an act or omission not brought into operation by the original wrongful act of the defendant, and operates entirely independently of the defendant's allegedly negligent act or omission." *Columbia Rio Grande Healthcare, L.P. v. Hawley*, 284 S.W.3d 851, 857 (Tex. 2009) (citing *Dew v. Crown Derrick Erectors, Inc.*, 208 S.W.3d 448, 451 (Tex. 2006) (plurality opinion)). In this case, these intervening acts would be independent of Hurricane Ike, which stands in the shoes of the original tortfeasor.

In analyzing whether an intervening cause is new and independent, the Supreme Court has applied the various factors set forth in section 442 of the Restatement (Second) of Torts, which provide:

(a) the fact that its intervention brings about harm different in kind from that which would otherwise have resulted from the underlying cause;

(b) the fact that its operation or the consequences thereof appear after the event to be extraordinary rather than normal in view of the circumstances existing at the time of its operation;

(c) the fact that the intervening force is operating independently of any situation created by the underlying force, or, on the other hand, is or is not a normal result of such a situation;

(d) the fact that the operation of the intervening force is due to a third person's act or to his failure to act;

(e) the fact that the intervening force is due to an act of a third person that is wrongful toward the other and as such subjects the third person to liability to him; [and]

(f) the degree of culpability of a wrongful act of a third person which sets the intervening force in motion.

*Rio Grande Reg. Hosp. v. Villareal*, 329 S.W.3d 594, 617 (Tex.App. - Corpus Christi 2010)

Each point from the Restatement appears to apply in the case at hand:

(a) Damages from breach of fiduciary duty, breach of the Texas Property Code, breach of contract, breach of association by-laws, and/or declaratory judgment action are certainly not the normal result of or harm from a hurricane.

(b) The acts alleged in the underlying suit are "extraordinary rather than normal in view of the circumstances existing at the time of" Hurricane Ike.

(c) The breach of fiduciary duty, breach of contract, breach of property code are intervening actions and are not a normal result of a hurricane.

d) The acts alleged in the underlying suits and allegedly committed by The Landing Council are an intervening force that is due to a third person's act or to his failure to act, and not due to Hurricane Ike.

(e) The acts alleged in the underlying suits and allegedly committed by The Landing Council are due to an act of a third person or persons that is wrongful toward those plaintiffs and as such subjects the third persons to liability to the plaintiffs in the underlying suits.

(f) The acts alleged in the underlying suits and allegedly committed by The Landing Council are acts showing a high degree of culpability of a wrongful act of a those third persons which sets the intervening force in motion. *Id.*

As an intervening cause of action, each act alleged against the Council by Plaintiffs in the underlying suits is a separate and distinct cause of action, not arising from or proximately caused by Hurricane Ike.

The question of whether these are intervening acts or concurring acts presents a genuine issue of material fact which must be decided by the fact-finder at trial. Therefore, these causes of action cannot be excluded out of hand by Defendant under the exclusion language of the Policy.

## IV.

## CONCLUSION

For the reasons set forth above,

1.   the Exclusion is contrary to public policy,

2.    the Exclusion is not applicable in this case because allegations made against the council, if proven, could potentially give rise to liability for acts outside the Property Damage Exclusion, and therefore, Federal is obligated to defend, and

3.    the exclusionary language is superseded by intervening cause,

the Council argues that Movant is not entitled to summary judgment as a matter of law and that a genuine issue of material fact exists.  The Council requests this Court deny Movant's motion in its entirety, and this matter move forward according to law and in the interest of justice.

.

Respectfully submitted,

/s/ *Michael D. West*
Michael D. West
*West and West, LLP*
SBN 00785220
3818 Fox Meadow Lane
Pasadena, TX 77504
Ph 713 222-9378
Fx 713 222 9397
Attorney for Plaintiff


/s/ *Larry M. Champion*
Of Counsel:
Larry M. Champion
*Larry M. Champion, PLLC*
Fed ID 12292
SBN 04086478
4420 FM 1960 West, Suite 101
Houston, Texas 77068
Ph 281-583-0280
Fx 281-583-8200
Attorney for Plaintiff


**Certificate of Service**

I certify that a true and correct copy of the foregoing was served on April 27, 2013 by facsimile transmission and 1st class mail, and/or by CM/RRR and/or by electronic filing according to the rules of civil procedure addressed to: R. Douglas Noah, Jr. & Thomas M. Spitaletto, *Wilson, Elser, Moskowitz, Edelman & Dicker, LLP,* 901 Main Street, Suite 4800, Dallas, Texas 75202 at ph 214 698 8000, fx 214 698 1101 and Kevin L. Sewell & Rodney P. Geer, *Walker Sewell, LLP,* 901 Main Street, Suite 5000, Dallas Texas 75202 at ph 214 871 0765, fx 214 871 2795.

/s/ *Larry M. Champion*